IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY MIMS, #243609, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-296-WKW |
| ) | |
| CORDARO MELTON and JOHN HUTTON, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Timothy Mims, a state inmate currently incarcerated at the Fountain Correctional Facility who is now acting *pro se*. In the amended complaint, Mims challenges the constitutionality of actions which occurred in May of 2017 during his incarceration at the Bibb Correctional Facility. The Bibb Correctional Facility is located in Brent, Alabama in Bibb County, Alabama. Contrary to the assertion set forth in the amended complaint, Doc. 29 at 3, Bibb County is not located within the Middle District of Alabama; instead, it is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon thorough review of the amended complaint and under the current circumstances of this case, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).

## II.  DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

As previously stated, the Bibb Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the actions about which Mims complains occurred at a prison located in the Northern District of Alabama.  Moreover, it appears that the majority of persons who could serve as material witnesses reside in the Northern District of Alabama.  Although it appears that defendant Hutton now resides in the Middle District of Alabama, Doc. 22, he is represented by an Assistant Attorney General and there is nothing before this court which prevents the transfer of this case, in the interest of justice, to the United States District Court for the Northern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court finds that in the interest of justice this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[1]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404(a).

The parties may file objections to the Recommendation on or before **November 21, 2019**.  Any objection must specifically identify the findings in the Recommendation to which he objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the

---

[1] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the amended complaint.

findings of fact and [legal conclusions which are then] adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of November, 2019.

                                                      /s/ Wallace Capel, Jr.
                                                      WALLACE CAPEL, JR.
                                                      CHIEF UNITED STATES MAGISTRATE JUDGE